IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SERCONET, LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 505CV 167 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| ASOKA USA, INC.; | § | |
| AMAZON.COM, INC.; and | § | |
| EBAY, INC., | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

COMES NOW, SercoNet, Ltd. by and through its undersigned counsel and files its Complaint against the above-named Defendants, and for its cause of action states the following:

### PARTIES

1. Plaintiff, SercoNet, Ltd. ("SercoNet"), is a foreign corporation organized under the laws of Israel. The founder and Managing Director of SercoNet is Yehuda Binder, who is a citizen of Israel. SercoNet's affairs and operations are conducted primarily through a management team and governing board located principally in Israel.

2. Defendant, Asoka USA, Inc. ("Asoka") is a corporate entity organized under the laws of the State of California. Asoka has its principal place of business in Foster City, California, and can be served with the summons and complaint by service upon its registered agent, Elsa Chan, 558 Pilgrim Drive, Suite H, Foster City, California 94404. Asoka advertises, promotes, markets, sells and offers for sale home networking devices, including the devices accused of patent infringement herein, to consumers in the State of Texas, including this judicial district. Asoka also advertises, promotes, markets, sells and

offers for sale home networking devices, including the devices accused of patent infringement herein, to resellers and distributors, including Amazon.com, Inc., and Ebay, Inc., for purposes of resale to consumers in the State of Texas, including this judicial district. Asoka knows or has reason to know that some of the customers who purchase and ultimately use the devices accused of patent infringement in this case reside in this judicial district.

3. Defendant Amazon.com, Inc. ("Amazon"), is a corporate entity organized under the laws of the State of Delaware. Amazon has its principal place of business in Seattle, Washington, and can be served with the summons and complaint by service upon its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Amazon advertises, promotes and resells home networking devices manufactured by Asoka to consumers in the State of Texas, including those products that infringe one or more claims of the patent-in-suit as described more particularly herein. Amazon is also subject to general jurisdiction in Texas because of its continuous and systematic contacts with Texas, including this judicial district. These continuous and systematic contacts include direct over-the-Internet sales of books and other goods to consumers based in Texas, including this judicial district, as well as maintaining in Texas a highly interactive web site that permits consumers located in this judicial district to purchase products such as the infringing devices at issue over the Internet.

4. Defendant eBay, Inc. ("eBay"), is a corporate entity organized under the laws of the State of Delaware. eBay has its principal place of business in San Jose, California, and can be served with the summons and complaint by service upon its registered agent, National

Registered Agents, Inc., 120 Greentree Drive, Suite 101, Dover, Delaware 19904. eBay advertises, promotes, sells and offers for sale home networking devices manufactured by Asoka to consumers in the State of Texas, including those products that infringe one or more claims of the patent-in-suit as described more particularly herein. eBay is also subject to general jurisdiction in Texas because of its continuous and systematic contacts with Texas, including this judicial district. These continuous and systematic contacts include direct over-the-Internet sales of various goods to consumers based in Texas, including this judicial district, as well as maintaining in Texas a highly interactive web site that permits consumers located in this judicial district to purchase products such as the infringing devices at issue over the Internet.

5. Asoka, Amazon and eBay are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code. This court has subject matter jurisdiction over SercoNet's claims of patent infringement pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1338 (a).

7. This Court has personal jurisdiction over the Defendants because, among other things, each defendant has engaged in the specific transaction of business in the State of Texas, including advertising, promoting, selling and offering for sale products that infringe the patent-in-suit as described more particularly herein. Moreover, each of the Defendants generally conducts business in Texas so as to render each Defendant amenable to general jurisdiction. Because all Defendants avail themselves of the privilege of doing business in Texas, the exercise of personal jurisdiction over them is fair and reasonable.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## BACKGROUND

9. SercoNet has been in the business of manufacturing and selling high quality, low-cost computer networking products in the United States and throughout the world since 1998. Since its inception, SercoNet has invested resources in the conception, development and improvement of home networking devices, including devices for extending the coverage range of wireless home networks.

10. With respect to devices that extend the range of wireless home networks, SercoNet was the first to develop and patent an effective and user friendly home wire-based solution for extending the effective range of wireless access points in general. Prior to that time, upgrading home networks was essentially impractical for most home network users because such work was typically labor and cost intensive, often requiring installation of additional wiring in the walls of the house.

11. The SercoNet solution is a device that was designed to eliminate the excessive cost and labor associated upgrading home networks. These devices combine wireless and wired media to distribute broadband signals throughout the house. The user couples the device to the existing wiring to transparently send data received from wireless devices over copper wiring throughout the house.

12. U.S. Pat. No. 6,842,459 ("the '459 patent"), a copy of which is attached hereto as Exhibit A, was duly and legally issued on January 11, 2005, to Yehuda Binder, the founder and Managing Director of SercoNet. SercoNet is the assignee of all rights, title and interest in the '459 patent.

13. Asoka manufactures home networking devices, including products in direct competition with the SercoNet wireless home network solution modules. At least by 2004, SercoNet became that Asoka was manufacturing and selling the PlugLink™ Wireless Access Point (model # PL9520-WAP), which included all of the elements of one or more claims of the patent application that matured into the '459 patent. Upon issuance of the '459 patent, the Asoka PlugLink™ Wireless Access Point infringed one or more claims of the '459 patent. SercoNet provided written notice of infringement on the part of the PlugLink™ Wireless Access Point to Asoka at least as early as March 7, 2005. Asoka never responded to SercoNet's written notice. Asoka continued to manufacture and sell the PlugLink™ Wireless Access Point.

14. In addition to offering the PlugLink™ Wireless Access Point for sale on its website, Asoka also sells these devices to resellers and distributors, including Amazon and eBay. SercoNet likewise notified Amazon and eBay of the '459 patent and the substance of the claims of infringement directed to the Asoka PlugLink™ Wireless Access Point by at least as early as May 10, 2005. Amazon and eBay never responded to SercoNet's written notice. Both Amazon and eBay continued to advertise, promote, sell and offer for sale the Asoka PlugLink™ Wireless Access Point.

15. Upon information and belief, Defendants continue to infringe the '459 patent by continuing to advertise, market, sell and offer for sale the Asoka PlugLink™ Wireless Access Point.

### COUNT I - PATENT INFRINGEMENT

16. SercoNet incorporates by reference the allegations of paragraphs 1-15 of this Complaint as if restated in full herein.

17. Defendants infringe one or more claims of the '459 patent literally or under the doctrine of equivalents by manufacturing, advertising, promoting, selling, offering for sale and reselling products that infringe at least one claim of the '459 patent.

18. SercoNet has been damaged as a result of the Defendant's acts of patent infringement, and will continue to be damaged unless such activities are enjoined by this Court.

19. As a result of these acts of patent infringement, SercoNet is entitled to recover damages from these Defendants, amounting to at least a reasonable royalty.

## COUNT II - WILLFUL PATENT INFRINGEMENT

20. SercoNet incorporates by reference the allegations of paragraphs 1-19 of this Complaint as if restated in full herein.

21. Defendants had actual notice of the '459 patent and the substance of the claims asserted herein. None of the Defendants took any steps to avoid continuing to infringe the '459 patent and SercoNet's rights therein.

22. With actual knowledge of the '459 patent and SercoNet's allegations of patent infringement as described herein, Defendants continued to advertise, promote, sell and offer for sale and resell products that infringe one or more claims of the '459 patent.

23. Thus Defendants' actions have been and continue to be willfully in derogation of SercoNet's patent rights.

24. As such, SercoNet's damages in this case should be trebled, and this case should be deemed exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, SercoNet prays for trial by jury, judgment and relief after entry of final verdict, including:

1. A judgment that the Defendants have infringed at least one claim of the '459 patent.

2. An injunction against each Defendants continued infringement of the '459 patent pursuant to 35 U.S.C. § 283.

3. An award of damages resulting from Defendants acts of patent infringement.

4. An assessment of interest on the damages so computed.

5. A trebling of such damages.

6. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of SercoNet's attorney's fees and costs incurred.

7. Such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

SercoNet demands trial by jury on all claims and issues so triable.

This 26th day of August, 2005.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
PATTON TIDWELL & SCHROEDER LLP
4605 Texas Boulevard
Post Office Box 5398
Texarkana, Texas 75505
Telephone: (903) 792-7030
Facsimile: (903) 792-8233

Of Counsel:

HILL, KERTSCHER & WHARTON LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358